David I. SCOTT, Plaintiff—Appellant,

v.

BORG WARNER PROTECTIVE SERVICES, dba Burns International Security Services, Inc.; Doe Agencies 1–10; Doe Partnerships 1–10; Doe Corporations, 1–10; Doe Non–Profit Organizations, 1–10; Doe Entities 1–10, Defendants—Appellees.

No. 01–16355.

D.C. No. CV–99–00925–ACK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Jan. 2, 2003.

---

Before SCHROEDER, Chief Judge, ALARCÓN and FISHER, Circuit Judges.

## MEMORANDUM *

David I. Scott ("Scott") appeals pro se the district court's order denying his Motion to Dismiss Stipulation and granting Borg Warner Protective Services' ("Borg Warner") motion to confirm an arbitration award. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's confirmation of an arbitration award de novo. *Grammer v. Artists Agency*, 287 F.3d 886, 890 (9th Cir.2002). We reverse the district court's order, vacate the arbitration award and remand for further proceedings in the district court.

 Scott was not obligated to arbitrate his dispute because he was not bound by the Pre–Dispute Resolution Agreement

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("PDRA") or the Stipulation.[1] *See Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 892 (9th Cir.2002) (holding that the Ninth Circuit looks to state contract law to determine whether an arbitration award is valid). Under Hawaii law, an arbitration agreement is not typically a contract of adhesion because it "bears equally" on the contracting parties and "merely substitutes one forum for another." *Brown v. KFC Nat'l Mgmt. Co.,* 82 Hawai'i 226, 921 P.2d 146, 167 (Haw.1996) (internal quotation marks and citations omitted). Such an agreement is unenforceable, however, if (1) "the contract is the result of coercive bargaining between parties of unequal bargaining strength"; and (2) "the contract unfairly limits the obligations and liabilities of, or otherwise unfairly advantages, the stronger party." *Id.*

Scott was given the PDRA to sign on a "take this or nothing basis" and thus it was the result of coercive bargaining between parties of unequal bargaining strength. *See id.* The PDRA also unfairly advantaged Borg Warner through its provisions that (1) "only the company has standing to enforce this agreement to avoid piecemeal litigation"; (2) Scott must submit his claims to binding arbitration within 60 days of Borg Warner's request and "failure to do so will forever bar any claim that was or could have been asserted in any forum whatsoever"; and (3) all costs and fees will be shared equally between Scott and Borg Warner. The PDRA is therefore unenforceable under Hawaii law. Scott also was not bound by the Stipulation to arbitrate. The Stipulation was entered into at a time when all counsel assumed that the PDRA was valid as a matter of law and hence the Stipulation was not entered into with knowledge of the legal rights that were being forfeited.

■ Although we review the confirmation of an arbitration award de novo, the award must be confirmed if the arbitrator even arguably construed or applied the law and acted within the scope of his authority. *See United Food & Commercial Workers Int'l Union v. Foster Poultry Farms,* 74 F.3d 169, 173 (9th Cir.1995); 9 U.S.C. § 10(a)(4) (court may vacate an arbitration award "where the arbitrators exceeded their powers"). Because the PDRA and Stipulation were not valid, the arbitrator lacked the authority to resolve Scott's claims. Accordingly, we REVERSE the district court's dismissal order, VACATE the arbitration award and REMAND for further proceedings in the district court.

REVERSED, VACATED AND REMANDED.

---

1. Because we conclude that under Hawaii contract law Scott was not bound by the PDRA, we need not reach Scott's argument that the PDRA is unenforceable under *Duf-*field v. Robertson Stephens & Co.,* 144 F.3d 1182 (9th Cir.1998), *implied overruling recognized by EEOC v. Luce,* 303 F.3d 994, 1002–04 (9th Cir.2002).